**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**ELENA STURDZA,**                      )
                                        )
      **Plaintiff,**   )
                                        )
      v.               )   **Case No. 16-cv-02174 (APM)**
                                        )
**NATHAN LEWIN, et al.,**               )
                                        )
      **Defendants.**  )
_____ )

**MEMORANDUM OPINION**

Plaintiff Elena Sturdza has filed suit against Defendants Nathan Lewin, Alyza Lewin, and Lewin & Lewin (collectively, "Lewin Defendants"), and Defendants Martin R. Baach and Lewis Baach PLLC (collectively, "Baach Defendants") for "errors and omissions"; malpractice; misconduct; defamation; libel; intentional infliction of emotional distress; conspiracy to commit fraud; sabotage; violations of 42 U.S.C. §§ 1983, 1985, and 1986; violations of the District of Columbia Human Rights Act; and theft, in connection with all Defendants' past legal representation of and appointment as guardian ad litem to Plaintiff in another matter. *See* Compl., ECF No. 1 [hereinafter Compl.], at 2. The Baach Defendants have moved to dismiss the Complaint. *See* Baach Defs.' Mot. to Dismiss, ECF No. 9 [hereinafter Defs.' Mot.]. For the reasons that follow, the court dismisses Plaintiff's Complaint with prejudice as to the Baach Defendants. A separate, forthcoming Order addresses the Lewin Defendants, who have not yet entered an appearance in this case.

I

The gravamen of Plaintiff's Complaint is that she is dissatisfied with the outcome of a prior lawsuit she brought against the United Arab Emirates ("UAE") and a competitor architect

for stealing her design for the UAE's Embassy in Washington, D.C. She now wishes to hold both her former counsel and guardian ad litem responsible for how they conducted the litigation. Specifically, Plaintiff alleges that her former counsel—the Lewin Defendants—filed a misleading brief, introduced false information about her licensing status, failed to include relevant documents in certain court filings, did not correct the errors in the record despite Plaintiff's instruction to do so, worked against Plaintiff's interests by persuading the court to dismiss the majority of her claims, and damaged Plaintiff's professional reputation by requesting she be appointed a guardian ad litem. *See* Compl. at 4–7. Additionally, Plaintiff alleges that the guardian ad litem and his law firm—the Baach Defendants—worked against Plaintiff's interests by hiring the attorneys she had just fired and committed fraud by reaching a settlement agreement without her consent. *See id.* at 5–6. Plaintiff seeks to hold all Defendants liable for the losses sustained as a result of the purportedly unacceptable legal representation and settlement she received, including the costs of pro se litigation for 15 years, lost wages from the time spent litigating on her own behalf, and lost employment opportunities from her damaged reputation. *See id.* at 8–11. She estimates her damages to be nearly $200 million. *See id.* at 11.

The Baach Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They assert that they enjoy quasi-judicial immunity from suit as all the acts of which Plaintiff complains arose in connection with their representation of her as guardian ad litem in the prior litigation. Alternatively, they contend that Plaintiff's claims are barred by the statute of limitations and the doctrine of res judicata, and that Plaintiff has failed to state any plausible claim. Because the court concludes that the Baach Defendants are immune from suit, the court does not reach the alternative arguments.

2

II

Judges, those who perform quasi-judicial functions, and those who act at the behest of the court are immune from suit for money damages. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62–63 (D.D.C. 2008). In the District of Columbia, a person enjoys judicial immunity if (1) her activities are "integrally related to the judicial process" and (2) she "exercise[s] discretion comparable to that exercised by a judge." *Cunningham v. District of Columbia*, 584 A.2d 573, 576 (D.C. 1990); *cf. Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (holding that law clerks enjoy judicial immunity "for performance of tasks that are an integral part of the judicial process").

Although neither the D.C. Court of Appeals nor the D.C. Circuit has squarely held that a guardian ad litem is immune from suit for damages arising from actions taken within the scope of her role as guardian ad litem, several federal courts have reached that conclusion, *e.g.*, *Lewittes v. Lobis*, 164 F. App'x 97, 98 (2d Cir. 2006) (per curiam); *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) (per curiam); *Myers v. Morris*, 810 F.2d 1437, 1465–66 (8th Cir. 1987), *abrogated on other grounds*, 500 U.S. 478 (1991); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984); *Ficken v. Golden*, No. 4-350, 2005 WL 692019, at *6 (D.D.C. Mar. 24, 2005); *Short by Oosterhous v. Short*, 730 F. Supp. 1037, 1039 (D. Colo. 1990); *Ward v. San Diego Cty. Dep't of Soc. Servs.*, 691 F. Supp. 238, 241 (S.D. Cal. 1988), and this court agrees.[1] A guardian ad litem who is appointed to act on behalf of a litigant the court has deemed legally incompetent is an actor integrally related to the judicial process because she enters the litigation only at the court's

---

[1] In *Arntz v. Smith*, an unpublished, per curiam decision, the D.C. Circuit affirmed the dismissal of a suit against a guardian ad litem on the ground that the guardian ad litem was "immune from suit for damages resulting from her quasi-judicial activities." Nos. 94-7094, 94-7050, 1994 WL 474998, at *1 (D.C. Cir. July 1, 1994) (per curiam). In so doing, the Circuit cited with approval the above-reference decision from the First Circuit, *Cok v. Consentino*, 876 F.2d 1. *See Arntz*, 1994 WL 474998, at *1. Because the decision in *Artnz* is non-precedential, *see* D.C. Circuit Rule 32.1(b)(1)(A), the court relegates its citation to a footnote.

behest and, though serving as the litigant's voice in the litigation, is not an attorney-advocate for the litigant. *See Cunningham*, 584 A.2d at 576; *Guardian*, BLACK'S LAW DICTIONARY (10th ed. 2014). Furthermore, the guardian ad litem exercises broad discretion in acting to further the litigant's best interests, even if contrary to the litigant's wishes. *See Cunningham*, 584 A.2d at 576; *cf. Short*, 730 F. Supp. at 1039. As such, a guardian ad litem enjoys immunity from suit for any damages that flow from acts takes within the scope of that role.

Applying that principle here, the court concludes the Baach Defendants are immune from suit. Defendant Martin Baach was appointed as Plaintiff's guardian ad litem following notice and a hearing, after which Judge Kennedy determined Plaintiff was not "capable of making responsible decisions concerning th[e] pending litigation because she is irrational regarding this case." *Sturdza v. United Arab Emirates*, 644 F. Supp. 2d 50, 74–75 (D.D.C.) (internal quotation marks omitted), *aff'd*, Nos. 00-7279, 06-7061, 06-7069, 2009 WL 5125239 (D.C. Cir. Dec. 17, 2009) (per curiam). Defendant Martin Baach negotiated a settlement on Plaintiff's behalf and the D.C. Circuit held that Plaintiff lacked standing to challenge that settlement because "after a guardian ad litem is appointed, no other party has standing to represent the ward"—including herself. *See Sturdza v. United Arab Emirates*, 587 F. App'x 660 (D.C. Cir. 2013) (per curiam) (mem.). Given that the validity of the settlement is the only issue before the court and that all the acts alleged by the Baach Defendants were undertaken in their capacity as guardian ad litem and law firm of the guardian ad litem, respectively, they are immune from suit. *See Lewittes*, 164 F. App'x at 98 (explaining that immunity of the guardian ad litem extends to include the guardian's law firm); *Cunningham*, 584 A.2d at 576.

Accordingly, Plaintiff has not stated a cognizable claim for relief.

4

## III

In light of the foregoing discussion, the court grants the Baach Defendants' Motion and dismisses Plaintiff's Complaint with prejudice.

A separate Order accompanies this Memorandum Opinion.

Dated: June 20, 2017

Amit P. Mehta
United States District Judge